UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24006-BLOOM/Otazo-Reyes

JORGE GUERRERO,

    Plaintiff,

v.

SUMMIT AEROSPACE, INC.,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Summit Aerospace, Inc.'s ("Defendant") Motion to Dismiss Count I of Plaintiff's Amended Complaint, ECF No. [27] ("Motion"), filed on January 27, 2022. Plaintiff Jorge Guerrero ("Plaintiff") filed a Response to the Motion, ECF No. [28] ("Response"), to which Defendant filed a Reply, ECF No. [29] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendant on October 20, 2021. *See* ECF No. [1-1] ("Initial Complaint"). The Initial Complaint asserts two counts: (1) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (Count I); and (2) age discrimination under the Age Discrimination in Employment Act of 1975, 29 U.S.C. §§ 621, *et seq.* ("ADEA") (Count II).

Case No. 21-cv-24006-BLOOM/Otazo-Reyes

On November 18, 2021, Defendant filed a Motion to Dismiss Count I of Plaintiff's Complaint, ECF No. [7] ("Initial Motion"), arguing that Plaintiff failed to allege sufficient facts to state a plausible claim for discrimination under the ADA. *See generally id.* On January 4, 2022, the Court held a hearing on the Initial Motion, during which the parties argued their respective positions. *See* ECF Nos. [20] & [25]. The Court granted the Initial Motion and permitted Plaintiff to file an Amended Complaint. ECF No. [25].

According to the First Amended Complaint, ECF No. [26] ("Amended Complaint"), Defendant hired Plaintiff as its Director of Sales and Marketing and Business Development for Latin America on May 18, 2016. *Id.* ¶ 5. In late March 2020, Plaintiff believed he had been exposed to COVID-19 and advised Defendant's human resources manager, "who prohibited him from coming to the office and ordered him to quarantine." *Id.* ¶¶ 6-7. Plaintiff indicated that he could work remotely, as he had previously done while traveling overseas for business. *Id.* ¶ 7. Plaintiff, however, was denied remote access on the basis that it "was designated for 'elite members' of the company and [Plaintiff] did not qualify." *Id.*

Plaintiff quarantined for two weeks and returned to the office with proof of a negative COVID-19 test. *Id.* ¶ 12. Upon his return to the office, Plaintiff "was ostracized and subject to discrimination, harassment, and ridicule for the continued perception that he was infected with Covid-19." *Id.* ¶ 12. Plaintiff was also "subject to additional Covid-19 safety protocols that other employees [ ] were not required to follow. *Id.* Specifically, Plaintiff was: (1) "required to sanitize his desk and chair more than four times per day[;]" (2) "chastised and ridiculed by office staff anytime he attempted to use the printer and other office equipment in the area where he worked[;]" (3) told by his direct supervisor to "get away from me because you had Covid" and "don't get near me because you are infected[;]" (4) told by his co-workers "not to approach them as they believed

that he was infected [with] Covid-19 and contagious[;]" (5) avoided by Defendant's human resources manager; and (6) instructed by the human resources manager and his direct supervisor "not to enter the area of the office where the technicians and mechanics were located for the fear that [Plaintiff] was infected with Covid-19 and contagious." *Id.* Plaintiff further explains that due to this "harassment and ostracization" he would leave the office to each lunch in his car. *Id.* ¶ 13.

Plaintiff maintains that "[b]ecause of the fear that Plaintiff may spread Covid-19, the Defendant perceived that Plaintiff was incapable of performing his job" and "terminated him within 2 weeks of his return to the office." *Id.* ¶ 20. Plaintiff also explains that following his termination on April 17, 2020, Defendant replaced him with younger female employees. *Id.* ¶ 9. Based on the foregoing, Plaintiff asserts the following claims for relief: (1) discrimination under the ADA (Count I); and (2) discrimination under the ADEA (Count II).

Defendant now seeks dismissal of Count I of the Amended Complaint on the basis that Plaintiff has failed to allege sufficient facts to establish a *prima facie* case of disability discrimination under the ADA. *See generally* ECF No. [27].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

**III. DISCUSSION**

Defendant argues that dismissal of Count I is warranted because Plaintiff has failed to allege sufficient facts to establish that he had a disability. ECF No. [27] at 4-8. Specifically, Defendant maintains that the Amended Complaint "is devoid of any factual allegations explaining or showing how any physical or mental impairment limits—let alone substantially limits—any of Plaintiff's major life activities." *Id.* at 6 (emphasis omitted). Defendant also contends that Plaintiff has failed to establish that "he was regarded as having a physical or mental impairment that substantially limits one or more of his major life activities." *Id.* at 6 (emphasis omitted). According to Defendant, it "could not have perceived Plaintiff as disabled because his alleged impairment—possible exposure to COVID-19—is, at best, temporary and minor." *Id.* at 7 (emphasis omitted).

Plaintiff responds that he has adequately pled a *prima facie* claim of disability discrimination under the ADA. *See generally* ECF No. [28]. Plaintiff contends that he is traveling

solely under the "regarded as" definition of "disability" and maintains that the "Amended Complaint is replete with allegations that he was discriminated on the basis that his employer perceived he was infected with Covid-19 upon his return to work up through his date of termination, and that his termination was based on this perception." *Id.* at 5. Additionally, Plaintiff argues that the burden to demonstrate that his impairment is both "transitory and minor" falls on the employer and such cannot be decided at the pleading phase. *Id.* at 6-7.

Under the ADA, a plaintiff must establish the following three elements for a *prima facie* case: "(1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007) (citation omitted). Under the ADA, a "disability" includes a "physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment . . ." 42 U.S.C. § 12102(1)(A)-(C). A "physical or mental impairment" is

> [a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or [a]ny mental or psychological disorder, such as an intellectual disability . . ., organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h).[1] Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

---

[1] The Eleventh Circuit has endorsed the Code of Federal Regulations interpretation of impairment. *See Harris v. H & W Contracting Co.*, 102 F.3d 516, 520 (11th Cir. 1996).

Furthermore, the ADA specifies that

> [a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A). However, a person is not "regarded as having such an impairment" if the impairment is "transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). To state a "regarded as" claim, a plaintiff must allege that "he was 'regarded as' disabled, he was a qualified individual, and that a 'covered entity' discriminated against him 'on account of' his disability.'" *Andrews v. City of Hartford*, 700 F. App'x 924, 926 (11th Cir. 2017) (citations omitted).

"When it enacted the [ADA Amendments Act of 2008 ("ADAAA")], Congress indicated that one of its purposes was to 'convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis.'" *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1246, 1268 (11th Cir. 2014) (citation omitted). Moreover, the implementing regulations state that "[t]he primary purpose of the ADAAA is to make it easier for people with disabilities to obtain protection under the ADA," and that "the definition of 'disability' in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA." 29 C.F.R. 1630.1(c). "In 'regarded as' cases, a plaintiff must show that the employer knew that the employee had an actual impairment or perceived the employee to have such an impairment at the time of the adverse employment action." *Equal Employment Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1316 (11th Cir. 2019).

Upon review, the facts alleged in the Amended Complaint sufficiently allege a disability under the ADA. In pertinent part, Plaintiff alleges that he "believed that he had been exposed to

Covid-19," and, as a result, Defendant "prohibited him from coming to the office and ordered him to quarantine." ECF No. [26] ¶¶ 6-7. Contrary to Defendant's contention, Plaintiff need not allege that his impairment limited a major life activity. Indeed, following the amendments to the ADA, "a person would meet the 'regarded as having such an impairment' prong of the definition if he shows that he has been subjected to an action prohibited by the ADA on the basis of an actual or perceived physical impairment, 'whether or not the impairment limits or is perceived to limit a major life activity.'" *Andrews*, 700 F. App'x at 926. Plaintiff also alleges that he was ordered to quarantine for two weeks, he returned to the office with proof of a negative COVID-19 test, and he was terminated less than two weeks later. *Id.* ¶¶ 7, 9, 12. Plaintiff alleges he was terminated because "Defendant perceived [him] to be actively infected with Covid-19[.]" *Id.* ¶ 15; *see also id.* ¶¶ 12-14.

Based on the foregoing, the Court agrees with Plaintiff that the allegations in the Amended Complaint are sufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6). Moreover, at this stage of the proceedings, the Court declines the invitation to find that Plaintiff's condition is transitory and minor, since the Court accepts the allegations in the Complaint as true, and the nature of Plaintiff's condition is an issue of fact. *See e.g.*, *Lewis v. Fla. Default Law Grp., P.L.*, No. 8:10-cv-1182-T-27EAJ, 2011 WL 4527456, at *1 (M.D. Fla. Sept. 16, 2011) (concluding that impairment was transitory and minor at summary judgment).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [27]**, is **DENIED**. Defendant shall file an Answer to the Amended Complaint, ECF No. [26], **no later than March 11, 2022**.

Case No. 21-cv-24006-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record